**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4645

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYAN TOMMIE GOODWIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-99-51-F)

Submitted: March 16, 2005          Decided: April 12, 2005

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Jane E. Pearce, Writing and Research Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bryan Tommie Goodwin appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months in prison. We affirm.

We review a district court's judgment imposing a sentence after revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2004). Moreover, because Goodwin's sentence does not exceed the statutory maximum under § 3583(e)(3), we review the sentence only to determine whether it is "plainly unreasonable." See 18 U.S.C. § 3742(a)(4) (2000). Our review of the record convinces us the district court did not abuse its discretion, and Goodwin's sentence is not plainly unreasonable.

On appeal, Goodwin contends his sentence is plainly unreasonable because it exceeds the applicable range under U.S. Sentencing Guidelines Manual § 7B1.4(a) (2003), and "a sentence within the Guidelines would have imposed adequate punishment." However, while the applicable sentencing range is one of the factors to be considered, it is advisory only, see 18 U.S.C. § 3553(a)(4)(B) (2000); Davis, 53 F.3d at 640-41, and we find the district court properly considered Goodwin's need for intensive drug treatment when determining the length of his sentence. See 18

- 2 -

U.S.C. § 3553(a)(1), (2) (2000).  Although neither Goodwin nor his counsel requested it in the district court, Goodwin further argues the court "unreasonably did not consider staying within the guidelines and allowing Mr. Goodwin to seek the assistance of a 12-step program offered in virtually every city in this country." Because Goodwin failed to raise this issue in district court, or to show plain error or a fundamental miscarriage of justice, we find he has waived the issue on appeal.  See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED